J-S22001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: N.H., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| APPEAL OF: S.H., MOTHER | |
| | No. 1508 MDA 2015 |

Appeal from the Order Entered August 3, 2015
In the Court of Common Pleas of Susquehanna County
Juvenile Division at No(s): CP-58-DP-0000014-2014

| | |
|---|---|
| IN THE INTEREST OF: P.H., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| APPEAL OF: S.H., MOTHER | |
| | No. 1509 MDA 2015 |

Appeal from the Order Entered August 3, 2015
In the Court of Common Pleas of Susquehanna County
Juvenile Division at No(s): CP-58-DP-0000015-2014

| | |
|---|---|
| IN THE INTEREST OF: B.M., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| APPEAL OF: S.H., MOTHER | |
| | No. 1510 MDA 2015 |

Appeal from the Order Entered August 3, 2015
In the Court of Common Pleas of Susquehanna County
Juvenile Division at No(s): CP-58-DP-0000016-2014

J-S22001-16

BEFORE:  MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED APRIL 20, 2016**

Appellant, S.H. (Mother) appeals from the August 3, 2015 permanency review orders changing the permanency goals to adoption with respect to her daughters, N.H., born in February 2007, and P.H., born in March 2009, and her son, B.M., born in July 2013 (collectively, the Children).[1]  After careful review, we affirm.[2]

The certified record reveals the following factual and procedural history.  On May 21, 2014, the Susquehanna County Services for Children and Youth (the Agency) filed dependency petitions alleging that it received a report that Mother was abusing methamphetamines and prescription drugs.  The Agency alleged that it subsequently performed two drug tests on Mother.  Mother tested positive in the first drug test for methamphetamines, amphetamines, opiates, cocaine, and oxycodone.  In the second drug test, Mother tested positive for the same controlled substances, as well as for benzodiazepines.  In addition, Mother signed voluntary placements for the Children on May 19, 2014.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Mother is also the natural parent of another female child, B.M., born in December 2011, who is not a subject of this appeal.

[2] J.H. is the natural father of N.H. and P.H.  E.M. is the natural father of B.M. Neither father filed a notice of appeal from the subject orders, nor is either one a party to Mother's appeal.

- 2 -

On June 17, 2014, the juvenile court adjudicated the Children dependent. The Children's permanency goals were set as return to parent. The trial court held permanency review hearings on October 2, 2014,[3] and January 29, 2015, after which it found that Mother had not complied with her permanency plan.

On March 31, 2015, the Agency requested another permanency review hearing, asserting that it was seeking to change the Children's permanency goals to adoption. A hearing on the Agency's petition was set for June 16, 2015. The certified record includes a recipient list of those notified of the permanency review hearing, including Mother and her appointed counsel, Attorney Giangrieco. Thereafter, on July 1, 2015, for reasons not specified in the record, the trial court rescheduled the hearing for August 3, 2015. The certified record also includes a recipient list of those notified of the rescheduled permanency review hearing, including Mother and her appointed counsel, Brianna Strope Vaughn, Esquire (Attorney Vaughan), who was from Attorney Giangrieco's law office.

On the day of the hearing, in open court, Attorney Vaughan informed the trial court that she received a telephone call from Mother that morning, and that Mother left a message requesting her to seek a continuance of the

---

[3] On October 23, 2014, Mother requested the appointment of counsel. By order dated October 24, 2014, the trial court appointed Michael J. Giangrieco, Esquire, to represent Mother in the dependency matter.

hearing. N.T., 8/3/15, at 2. Attorney Vaughan stated, "[the hearing has] been continued since June 17th, I believe. Since that time and before that time, I've had no contact with [Mother] up until today's phone call. I attempted to call her back after I received that message[.] [S]he did not answer the phone and I've had no communication to know what her position is regarding this matter." *Id.* Attorney Vaughan then made an oral motion for a continuance of the hearing, which the trial court denied. *Id.* Thereafter, the court received testimony from Jolene Kelly, the Agency caseworker, whom Attorney Vaughan cross-examined.

On August 3, 2015, at the conclusion of the hearing, the trial court changed the Children's permanency goals to adoption. On September 2, 2015, Mother timely filed notices of appeal and concise statements of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)(2)(i), which this Court consolidated *sua sponte*.[4] *See generally* Pa.R.A.P. 513. On September 23, 2015 the trial court filed a Rule 1925(a) opinion.

On appeal, Mother presents the following issues for our review.

> I. Whether the [t]rial [c]ourt abused its discretion in changing the goal to adoption where the trial court

---

[4] By order dated September 14, 2015, the juvenile court directed Mother to file new concise statements within twenty-one days because it was "uncertain as to the basis of [Mother's] appeal…." Trial Court Order, 9/14/15. Mother complied on September 22, 2015, by filing amended concise statements.

denied [Mother]'s counsel's motion to continue the hearing to allow [Mother] the opportunity to be present to refute the evidence of … [the Agency], and heard only evidence from [the Agency], thereby unreasonably denying [Mother] due process[?]

Mother's Brief at 4.

Mother argues on appeal that she was denied due process of law when the court denied her request for a continuance of the permanency review hearing. Our standard of review is well-established.

A decision to grant or deny a continuance rests within the sound discretion of the trial court. We will not reverse a trial court's decision absent a showing of abuse of that discretion or prejudice to the defendant. [A]n abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.

**Commonwealth v. Flor**, 998 A.2d 606, 620 (Pa. 2010) (citations and internal quotations omitted).

Mother asserts that although she was notified of the permanency review hearing, she "was not afforded the opportunity to be heard." Mother's Brief at 10. Further, Mother maintains that the trial court "failed to weigh [her] due process rights against the need to hold a hearing at that time." **Id.** In short, Mother contends that a continuance of the permanency review hearing "would not have been unreasonable." **Id.** at 11.

We have explained, "[d]ue process requires nothing more than adequate notice, an opportunity to be heard, and the chance to defend

oneself in an impartial tribunal having jurisdiction over the matter." *In re J.N.F.*, 887 A.2d 775, 781 (Pa. Super. 2005). Here, there is no dispute that Mother and Attorney Vaughan were provided adequate notice of the hearing date, and that Mother's request was not made until the day of the hearing. *See, e.g.*, *Commonwealth v. Antidormi*, 84 A.3d 736, 746 (Pa. Super. 2014) (holding trial court did not abuse its discretion in denying day of trial request for continuance based on "nothing more than an unsupported allegation[]"), *appeal denied*, 95 A.3d 275 (Pa. 2014). Instantly, Attorney Vaughan provided no basis for Mother's continuance request, and added that Mother did not return her calls. Attorney Vaughan advised the court, "I've had no communication to know what [Mother's] position is regarding this matter." N.T., 8/3/15, at 2. In addition, Mother was represented by Attorney Vaughan at the hearing, who cross-examined the Agency's witness. As a result, we conclude the trial court did not abuse its discretion when it denied Mother's request for a continuance. *See Flor*, *supra*.

Based on the foregoing, Mother's sole issue on appeal is devoid of merit. Accordingly, we affirm the August 3, 2015 orders.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2016